**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **TODD BAKER** | : | **Civil No. 06-2135 (CKK)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **U.S. PAROLE COMMISSION** | : | |
| _____ | : | |

**U.S. PAROLE COMMISSION'S OPPOSITION TO**
**PETITIONER'S PRO SE PETITION FOR A WRIT OF HABEAS CORPUS**

The United States Parole Commission, through its attorney, the U.S. Attorney's Office for the District of Columbia, hereby opposes Petitioner's pro se petition for a writ of habeas corpus. In support of his petition, Petitioner claims that he should be released because his Fifth and 14th Amendment rights under the Constitution were violated because the U.S. Parole Commission ("Commission") executed an invalid parole violator warrant against him, and because he was unlawfully detained prior to the execution of that warrant. However, based on the facts and the legal principles set forth in this opposition, Petitioner's petition for habeas relief should be summarily denied.

**PROCEDURAL HISTORY**

On June 30, 1997, the Honorable Rafael Diaz, in the Superior Court of the District of Columbia, sentenced Petitioner for the following offenses: 1) no less than three years and no more than nine years for destruction of property (F-2866-96); 2) no more than 90 days for attempted unauthorized use of a vehicle (F-2866-96); and 3) 20 to 60 months for unauthorized

use of a vehicle, which were to run consecutively to any other sentence (F-1071-95).[1]  See
Attachment A (Sentence Monitoring and Computation Date for Todd Baker); see also
Attachments B1 and B2 (Judgment and Commitment Orders for Case Numbers F-2866-96 and
F-10791-95).  Petitioner was released on parole on May 15, 2002, with a parole expiration date
of September 4, 2011.  See Attachment C (Certificate of Parole, May 15, 2002).

On September 3, 2003, the Commission revoked Petitioner's parole for administrative
and criminal parole violations, and ordered that Petitioner be re-paroled on April 2, 2004, after
serving a sentence of 10 months of imprisonment.  See Attachment D (Notice of Action,
September 3, 2003).  On April 2, 2004, Petitioner was released on parole with a parole expiration
date of October 8, 2012.  See Attachment E (Certificate of Parole, April 2, 2004).

On January 26, 2005, the Commission revoked Petitioner's parole once again for
administrative parole violations.  See Attachment F (Notice of Expedited Revocation Procedure).
However, in this instance, Petitioner consented to the revocation of his parole by way of an
expedited parole revocation process.  Id.  Once Petitioner consented to this revocation procedure
in writing, the Commission memorialized the terms of the expedited parole revocation agreement
by issuing a Notice of Action on January 28, 2005, in which it revoked Petitioner's parole,
ordered that he serve 8 months in jail, and ordered that he be re-paroled on May 6, 2005.  See
Attachment G (Notice of Action, January 28, 2005).

---

[1]     Based on the information contained in Attachments B1 and B2, Judge Diaz ordered
Petitioner to serve these sentences after he revoked Petitioner's probationary sentences in each of
these cases.  See Attachments B1 and B2 (Judgment and Commitment Orders, F-2866-96 and F-
1071-95).  When Judge Diaz re-sentenced Petitioner, he ordered that the sentences in F-2866-96
run concurrently to each other.  See Attachment B1.

On May 6, 2005, Petitioner was placed back on parole, with a parole expiration date of March 14, 2013.  See Attachment H (Certificate of Parole, May 6, 2005).  However, on October 3, 2005, Petitioner's community supervision officer ("CSO") informed the Commission that Petitioner was not complying with the conditions of his parole.  See Attachment I (Alleged Violation(s) Report, October 3, 2005).  Specifically, Petitioner was cited for failing to report to his CSO, failing to report for drug testing, for testing positive for cocaine on a multiple occasions, and for failing to obey all laws, as evidenced by his arrest for second-degree burglary on August 18, 2005.  Id.   On November 30, 2005, the Commission informed the CSO that she had not provided any evidence to support the allegations that were contained in the violation report; in response, the CSO provided the Commission with supporting documents showing Petitioner's non-compliance with the conditions of his parole, including an arrest report showing Petitioner's arrest for second-degree burglary.  See Attachments J and K (Electronic Mail From Commission on November 30, 2005; Notice of Offender Arrest and supporting documentation, December 6, 2005).  Consequently, the Commission prepared a warrant for Petitioner's arrest on January 13, 2006, which was executed on November 3, 2006.  See Attachment L (Warrant and U.S. Marshal's Warrant Return to the Commission).   Although the initial warrant was not signed, it was subsequently signed by a Commissioner for the Parole Commission on January 17, 2006.  Id.[2]

---

[2]    The instructions that were contained on the first page of the parole violator warrant stated that the warrant should be immediately executed, or lodged as a detainer if Petitioner was awaiting trial or otherwise incarcerated.  See Attachment L at 1.  When the Commission's warrant was issued, Petitioner's case involving the second-degree burglary charge, Criminal Case No. F-4729-05, was pending.  According to the records that are contained in the Superior Court's computer system, Petitioner's first appearance before a judicial officer in the Superior Court of the District of Columbia in this case was on August 19, 2005.  On that date, Petitioner

On November 7, 2006, a probable cause hearing was held before a hearing examiner with the Commission, and Petitioner was present.  See Attachment M (D.C. Probable Cause Hearing Digest, November 7, 2006).  At this hearing, Petitioner denied the revocation charges that had been raised by his CSO, but the hearing examiner found, based on the record, that there was probable cause to conclude that Petitioner committed the alleged violations.  Id.  Consequently, a revocation hearing was scheduled for January 11, 2007.  See Attachments N and O (Electronic Mail From the Commission, November 28, 2006; D.C. Local Revocation Prehearing Assessment, December 13, 2006).

On December 27, 2006, the Commission informed Petitioner's counsel that he was eligible for an expedited parole revocation proceeding.  See Attachment P (Letter, December 27, 2006).  Although Petitioner initially rejected the proposal for an expedited parole revocation proceeding, Petitioner, through counsel, requested that he be granted an expedited proceeding when he appeared for his revocation hearing on January 11, 2007.  See Attachment Q (Memo Regarding Hearing, January 23, 2007).  On that date, Petitioner's counsel noted that Petitioner had been in custody while his trial for second-degree burglary was pending; therefore, Petitioner and his counsel requested that Petitioner receive "re-parole guideline credit" for the time he had spent in custody on criminal charges.  Id.  The Commission granted Petitioner's request,

---

was released on his personal recognizance, and he was ordered to appear in court on September 7, 2005.  When Petitioner failed to appear for the status hearing in September 2005, a bench warrant was issued for his arrest.  When that warrant was executed on May 3, 2006, Petitioner was held without bond, and brought before Magistrate Judge Ronald Goodbread on May 4, 2006 for a status hearing.  On May 4, 2006, Magistrate Judge Goodbread ordered that Petitioner be held without bond during the pendency of his case.  However, Petitioner was ultimately released on his personal recognizance in that case on October 5, 2006.   The Superior Court case was ultimately dismissed on March 14, 2007.

modified the expedited revocation proposal, and revoked Petitioner's parole pursuant to the terms of the newly-modified agreement. See Attachments Q, R (Response to Expedited Revocation Proposal, January 11, 2007), and S (Notice of Action, January 26, 2007). When the Commission revoked Petitioner's parole on January 26, 2007, it ordered that Petitioner be placed back on parole after he serves an 18 month period of incarceration. See Attachment S. Since Petitioner was granted a six-month credit towards his parole violation sentence, he is expected to be released from custody on November 2, 2007. Id.

On December 14, 2006, Petitioner filed the instant habeas petition in the U.S. District Court for the District of Columbia. In his petition, Petitioner states that on October 5, 2006, a judicial officer ordered that Petitioner be held without bond for five days, so that the Commission may execute the parole violator warrant against him. Petition at 1. Petitioner further claims that he was illegally held beyond the five days that he was initially ordered to be detained because the parole violator warrant had not been signed by the Parole Commissioner, and because the warrant was not executed until almost a month after he was ordered to be held without bond. Id. at 1-3. However, based on the record before this Court, Petitioner's claims should be summarily denied.

## ARGUMENT

The record in this case shows that the Commission's warrant, which was issued in January 2006 in this case, was lawfully issued. Pursuant to D.C. law, and the Commission's regulations, the Commission may issue a parole violation warrant upon an allegation of violation and satisfactory evidence thereof. See D.C. Code § 24-405; see also 28 C.F.R. § 2.98(a). In this case, the warrant was issued when the Parole Commissioner signed the warrant on January 17,

2006, after the Commission made sure that there was satisfactory evidence supporting the issuance of a warrant.  See Attachment L supra at 4; see also Attachment J.  Therefore, the record belies Petitioner's claim that the Commission did not lawfully issue a parole violator warrant for his arrest.

Petitioner's claim that the parole violator warrant was not signed by a Commissioner and was not lawfully issued may be clarified by reviewing Attachment L, which consists of the warrant, warrant application and warrant instructions.  These documents are dated January 13, 2006, but a Parole Commissioner actually signed the warrant on January 17, 2006.  Id. However, it appears from the record that the U.S. Marshal's Service received a copy of the warrant on January 13, 2006, before the warrant was actually signed by a Parole Commissioner. Id. at 5.  Thus, there may be merit to Petitioner's claim that the staff at the District of Columbia Jail did not have a signed copy of the warrant when it first received the warrant.  However, despite this fact, the Commission obtained a Parole Commissioner's signature on that warrant four days after it was initially prepared, and it lawfully issued the signed parole violation warrant before it was ultimately executed on November 3, 2006.  See e.g. 28 C.F.R. §§ 2.99(a) & (b). Moreover, Petitioner was being held without bond in Criminal Case No. F-4792-05 prior to the execution of the warrant; therefore, Petitioner was not held unlawfully on an invalid warrant and the Commission did not violate Petitioner's constitutional rights when it subsequently executed the warrant after Petitioner's release from custody in his underlying case.

Finally, Petitioner has not established that the revocation proceedings were affected because the initial parole violator warrant was unsigned.  To the contrary, as noted above, the warrant was signed almost ten months before Petitioner's probable cause hearing and almost a

6

year before the scheduled date for his revocation hearing.  Furthermore, Petitioner has not

demonstrated how he was prejudiced by this brief, and quickly corrected clerical error.  Absent a

showing of prejudice to petitioner, a warrant that contains a minor defect is valid.  See Hammons

v. Sheriff, 901 F.2d 59, 60-61 (5th Cir. 1990) (a technical error on a warrant that does not in any

way prejudice the prisoner does not serve to void the warrant).   Here, Petitioner has not and

cannot demonstrate any prejudice as a result of the U.S. Marshals possessing a warrant that did

not contain a Parole Commissioner's signature.  The Parole Commissioner who signed the

warrant, signed it approximately 10 months before it was executed; therefore, at the time of its

execution, Petitioner's warrant was not defective.   Thus, Petitioner's habeas petition should be

summarily denied on this basis.

Petitioner's habeas claim also should be rejected because he waived his right to challenge

the Commission's parole violator warrant and revocation decision when he accepted the

Commission's expedited parole revocation proposal on January 11, 2007.  The law is clear that,

where a parolee is awaiting the resolution of parole revocation charges and foregoes a procedural

objection, the parolee waives the right to subsequently challenge the parole revocation action.[3]

See Duckett v. Quick, 282 F.3d 844, 848 (D.C. Cir.) (argument that due process was violated

because parolee was denied right to cross-exam witnesses in parole revocation hearing failed

because parolee waived right to cross-exam witnesses), cert. denied, 537 U.S. 863 (2002);

United States v. Teeter, 257 F.3d 14, 21 (1st Cir. 2001) ("Criminal defendants typically may

---

[3]  See Morrissey v. Brewer, 408 U.S. 471, 488 (1972)(a parole revocation hearing is the parolee's "...opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation").

waive their rights, as long as they do so voluntarily and with knowledge of the general nature and consequences of the waiver."); <u>Horner v. U.S. Parole Commission</u>, 870 F.2d 1489, 1493-94 (9th Cir.) (parole violator can waive right to counsel at parole revocation hearing), <u>cert. denied</u>, 493 U.S. 963 (1989).  Since Petitioner, after consulting with counsel, did accept the Commission's expedited proposal, where he admitted to violating the conditions of his parole, Petitioner has waived his rights to challenge the underlying parole revocation warrant, and the fact that his parole was revoked.

## **CONCLUSION**

Based on the foregoing, Petitioner's habeas claims should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

ROBERT OKUN
Chief, Special Proceedings Division
Assistant United States Attorney


_____/s/_____
Tricia D. Francis
Assistant United States Attorney
Special Proceedings Division
D.C. Bar Number 457800
555 Fourth Street, N.W.
Room 10-447
Washington, D.C. 20530
(202) 353-9870

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the foregoing notice was mailed to defendant, Todd Baker, Registration No. 07282-007, FCI Cumberland, P.O. Box 1000, Cumberland, MD 21501, on this 15th day of March, 2007.


_____/s/_____
TRICIA D. FRANCIS
ASSISTANT UNITED STATES ATTORNEY