# ATTACHMENT E

04/01/2004 15:36 FAX                                                                    ☎003/005

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
District of Columbia Offender

Having determined that (1) Baker, Todd, Register No. 07282-007, (DCDC No. 268-594) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on April 2, 2004 and remain under parole supervision through October 8, 2012. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 1, 2004.

                                              UNITED STATES PAROLE COMMISSION

                                              By: Steven M. Brunson, Case Analyst

Docket/Case Number: F2866-95, F10795-95
Initial Risk Category: SFS

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_Todd E. Baker_                    _TODD E. BAKER_                    _268-594_
                    Name                                                    DCDC No.

Witnessed: _Rico Wood, Case Manager_                    _4-1-04_
                    Name and Title                                          Date

The above-named inmate was released on the _2nd_ day of _April_, 20 _04_ with a total of _311_ days remaining to be served.

                                              Official Certifying Release

Queued: 04-01-2004 14:55:03 BOP-Fort Dix FCI | USPO-District of Maryland, 1 - Main (Baltimore) |



This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to the District of Maryland and appear in person at the United States Probation Office designated to supervise you. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.
2. You must not leave the District of Maryland without the written permission of the officer supervising you. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer (B) a change in your residence, or (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence, and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
8. You must not violate any law and must not associate with someone else who is violating any law.
9. You must not possess a dangerous weapon, which includes ammunition.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

## SPECIAL CONDITIONS

**In addition,** you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 04-01-2004 14:55:03 BOP-Fort Dix FCI | USPO-District of Maryland, 1 - Main (Baltimore) |

# ATTACHMENT F

## NOTICE TO ALLEGED PAROLE, SPECIAL PAROLE,
## MANDATORY RELEASE, OR SUPERVISED RELEASE VIOLATOR
## ELIGIBILITY FOR EXPEDITED REVOCATION PROCEDURE

Name: Baker, Todd        Reg. No: 07282-007        DCDC No. 268-594

1.     This is to inform you that the Parole Commission has found probable cause to believe that you have violated the conditions of your release.

2.     The specific charges upon which these findings are based:

Charge No. 1 - Failure to Report Change in Residence

Charge No. 2 - Failure to Report Change in Employment

Charge No. 3 - Failure to Report to Supervising Officer as Directed

Charge No. 4 - Failure to Submit Supervision Reports

3.     Based on the finding of probable cause and information available to the Commission at this time, if you are revoked after a revocation hearing, your guidelines will be as follows:

Your violation behavior has been rated as Category one severity because it involved administrative violations.  Your salient factor score is 4 (see attached sheet).  You have been in federal confinement as a result of your behavior for a total of 1 month(s) as of 10/7/04.  Guidelines established by the Commission indicate a range of 8 to 12 months to be served.

Pursuant to its regulations, the Commission will render a decision within the applicable guideline range unless it finds good cause to render a decision above or below the applicable guideline range and provides specific reasons.

4.     Your violation behavior makes you eligible to apply for the following expedited procedure.  You may, if you wish, waive your right to a revocation hearing, accept responsibility for your conduct, and consent to revocation on the record.  If you do so, the Commission will take the following action in your case:

- Revoke parole; None of the time spent on parole shall be credited.  Parole effective 5/6/05 after the service of 8 months.
- In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

i.    For the Commission to approve your application for this expedited revocation procedure, the completed form must be received by the U.S. Parole Commission within **14 days of the date noted on the cover letter.** If **he completed form is not received within 14 days,** the revocation hearing will be held and the proposed decision et forth will not be binding on the Commission.

5.    You are under no obligation to apply for the expedited revocation procedure set forth above. If you do not wish to waive your right to a revocation hearing and accept the proposed decision set forth, please indicate below that you decline the proposal. You will be given a revocation hearing under normal procedures. After your revocation hearing, the Commission, on the basis of the information available, may take any action authorized by its regulations. Thus, the action taken by the Commission may be the same, more favorable, or less favorable than the proposed action set forth above. The fact that you chose to have a revocation hearing rather than accept the proposed decision set forth above will not be taken into account.

I hereby waive my right to a revocation hearing before the U.S. Parole Commission. I accept responsibility for the conduct charged against me in the warrant application and I accept the proposed Parole Commission decision set forth on this form. I understand that my reparole date is contingent upon my maintaining a record of good conduct in the institution up to the date of release and an acceptable release plan. I also understand that my consent will not constitute an enforceable agreement with respect to any other action the Commission is authorized to take by law or regulation, or to limit in any respect the normal consequences of revocation.

Because I accept the proposed U.S. Parole Commission's decision set forth on this form, I understand that I am waiving my right to appeal this decision.

| | |
|---|---|
| _Todd Bahr_ | 1/28/05 |
| Signature | Date |
| | 1/26/05 |
| Witness | Date |

I decline the U.S. Parole Commission's revocation proposal. I wish to have an in-person revocation hearing.

| | |
|---|---|
| | |
| Signature | Date |
| | |
| Witness | Date |

I wish to request a 14-day extension to consider this proposal.

ATTACHMENT G

U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: BAKER, Todd                           Institution: D.C.-Correctional Treatment
Facility
Register Number: 07282-007
DCDC No: 268-594                             Date:      January 28, 2005

---

In the case of the above-named, the following action was ordered:

### DC EXPEDITED REVOCATION

Revoke parole; None of the time spent on parole shall be credited. Parole effective May 6, 2005 after the service of 8 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Report Change in Residence.

Charge No. 2 - Failure to Report Change in Employment.

Charge No. 3 - Failure to Report to Supervising Officer as Directed.

Charge No. 4 - Failure to Submit Supervision Reports.

Basis for the above stated finding (s): Your admission

## REASONS:

Pursuant to the revocation proposal you signed on 1/26/2005, your violation behavior has been rated as Category one severity because it involved administrative violations. Your salient factor score is 4 (see attached sheet). You have been in federal confinement as a result of your behavior for a total of 4 month(s) as of 1/7/2005. Guidelines established by the Commission indicate a range of 8 to 12 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.



---

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.


cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        Rosalyn Gonzalez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 1400
        Washington, D.C. 20001



**SALIENT FACTOR SCORE (SFS-98)**

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 4 | Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 01-28-2005 12:46:07 BOP-D.C.-Correctional Treatment Facility | USM-District of Columbia - District Court, D.C.
District Court | FPD-District of Columbia, District of Columbia - DC |

# ATTACHMENT H

# Memorandum



| Subject | Date |
|---|---|
| **PAROLE CERTIFICATE**<br>**Baker, Todd**<br>**Reg. No. 07282-007**<br>**DCDC No. 268-594** | April 15, 2005 |

**To**

Case Manager
Cumberland FCI
14601 Burbridge Road, S.E.
Cumberland, MD 21502

**From**

J.C. Bradford
Correspondence Specialist
US Parole Commission

Attached is the Parole Certificate for the above named. Please execute the Certificate, make a copy for the inmate, a copy for your file, and return the executed original to the Commission at the following address:

5550 Friendship Boulevard
Suite 420
Chevy Chase, MD 20815-7286

If you have any questions, please contact this office at (301) 492-5821. Thank you for your continued cooperation.

Attachment

cc:    CSS Data Management Group
       D.C. Court Services & Offender
         Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001


JCB/SDT

USPC                    4/19/2005  9:00    PAGE 2/4    Fax Server

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Having determined that (1) Baker, Todd, Register No. 07282-007, (DCDC No. 268-594) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on May 6, 2005 and remain under parole supervision through March 14, 2013. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 15, 2005.

UNITED STATES PAROLE COMMISSION

J.C. Bradford

By: J.C. Bradford, Correspondence Specialist

Docket/Case Number: F2866-96, F10795-95
Initial Risk Category: SFS-1

### Acknowledgement of Release Conditions

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

### Consent to the Disclosure of Drug/Alcohol Treatment Information

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

| Todd Baker/ | 268-594 |
|---|---|
| Name | DCDC No. |

Witnessed:  Scott K. Golub, Case Manager                 April 20, 2005
            Name and Title                                Date

The above-named inmate was released on the __6th__ day of _____May_____, 20 _05_ with a total of _2869_ days remaining to be served.

Official Certifying Release

USPC                    4/19/2005   9:00    PAGE 3/4    Fax Server

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.
   B. If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.
2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.
3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.
4. You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.
5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.
6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.
7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.
8. You must not violate any law and must not associate with someone else who is violating any law.
9. You must not possess a dangerous weapon, which includes ammunition.
10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.
11. You must not associate with a person who has a criminal record without permission from the officer supervising you.
12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.
13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.
14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is required by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.
15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.
16. If you are required by law to report and register as a sex-offender, you must comply with that law.
17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.
18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.
19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.
20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 04-19-2005 17:42:29 BOP-Cumberland FCI |

USPC                 4/19/2005   9:00    PAGE 4/4    Fax Server

### SPECIAL CONDITIONS

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 04-19-2005 17:42:29 BOP-Cumberland FCI |

# ATTACHMENT I



**Court Services and Offender Supervision Agency for the District of Columbia**

*Community Supervision Services*
*General Supervision/Branch II-B*

### Alleged Violation(s) Report

October 3, 2005

**TO:**   The United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD  20815-7286

| | | | |
|---|---|---|---|
| **FROM:** | Teesha King<br>Community Supervision Officer | **Unit:** | General Supervision Unit III - Team 32 |
| | | **Telephone:** | (202) 585-7655 |
| **Please send all inquiries to:** | 3850 South Capitol St., SE (2nd Floor)<br>Washington, DC 20032-1418 | **Fax:** | (202) 585-7661 |
| | | **Email:** | teesha.king@csosa.gov |

**SUBJECT:**   Non-Compliance with Parole

**DOCKET:**   F 2866-96

**Offender:**   Mr. Todd Emerson Baker

**FEDREG #:**   072820-07

**FBI #:**   645178VA6

**DCDC #:**   268-594

**PDID #:**   482-843

**Action Recommended:** Warrant

## SENTENCING INFORMATION

Mr. Todd Baker is a 43 year-old male who was sentenced on 6/30/1997 to three to nine years for the offense of Destruction of Property over $200.00 and Attempted Unauthorized Use of a Vehicle (F 2866-96). Mr. Baker was also sentenced on 6/30/1997 to twenty to sixty months in prison for the offense of Unauthorized Use of an Automobile (F 10791-95). Mr. Baker was paroled on 5/6/2005 with the USPC Special Drug Aftercare Condition and a full-term date of 3/14/2013.

## ALLEGED VIOLATION(S)

Since supervision, the offender is alleged to have committed the following violation(s):

1) Failed To Report For Supervision Contact  8/16/05



Court Services and Offender Supervision Agency

**Offender: Todd Baker**
**PDID: 482-843**

    2) Failed To Report For Drug Testing 7/21/05, 7/28/05, 8/2/05, 8/4/05, 8/11/04, 8/16/05, 8/26/05, 9/2/05

    3) Positive For Cocaine 7/26/05, 8/9/05, 8/19/05

    4) Failed To Obey All Laws 8/18/05

**Offender failed to report to Community Supervision Officer as directed.**

Mr. Baker failed to report to for a scheduled supervision contact on 8/16/05 as evidenced by the attached running record entry instructing Mr. Baker to do so.

**Offender failed to report for Drug Testing as directed.**

Mr. Baker failed to report for drug testing on 7/21/05, 7/28/05, 8/2/05, 8/4/05, 8/11/04, 8/16/05, 8/26/05, and 9/2/05, as evidenced by the attached drug status report.

**Offender tested positive for the controlled dangerous substance Cocaine.**

Mr. Baker illegally used cocaine on or before 7/26/05, 8/9/05, and 8/19/05, as evidenced by the attached drug status report.

**Offender did not obey all laws.**

On 8/18/05, The Washington, D.C. Metropolitan Police Department arrested Mr. Baker in Washington, D.C. for Second Degree Burglary, as evidenced by the attached MPD 163. Mr. Baker was scheduled for a status hearing on 9/7/05, but he failed to appear and currently has a warrant for his arrest.

**CASE SUMMARY:**

The offender, Mr. Todd Baker's last know address was at The Catholic Charities Shelter located at 2700 Martin Luther King, Jr. Avenue, Southeast, Washington, DC 20020.    Mr. Baker is currently unemployed.

Mr. Baker's has absconded from parole supervision. Mr. Baker failed to report for several drug tests as cited above and a scheduled supervision contact on 8/16/05. In attempts to return him to parole supervision a home visit was conducted to the above stated shelter on 8/19/05. During said visit Officer Teesha King spoke with the Intake Coordinator Selby Springs who stated Mr. Baker last reported to that shelter on 8/1/05 and no forwarding address was provided upon his departure. As a result, a telephone call was made to Mr. Baker's brother on 8/22/05 and mother on 8/30/05. Neither knew the whereabouts of Mr. Baker.

In addition, Mr. Baker has tested positive for cocaine on multiple occasions, as cited above. In response to these violations, Mr. Baker was instructed to obtain a Tuberculosis test and police clearance, which he failed to do, so that he could be admitted into the Catholic Charities Drug Treatment Program. Furthermore, Mr. Baker was arrested on 8/18/05 for Second Degree Burglary. Mr. Baker was released on personal recognizance with instructions to return to court on 9/7/05 for a preliminary hearing, which he failed to appear to. As a result, Judge Frederick Sullivan of Washington, D.C. Superior Court issued a bench warrant for Mr. Baker's arrest.

Court Services and Offender Supervision Agency


**Offender: Todd Baker**
**PDID: 482-843**

**RECOMMENDATION:**

This Community Supervision Officer concludes that Mr. Todd Baker poses a potential risk because of his loss of contact with parole supervision, drug use, and recent arrest. Therefore, this Community Supervision Officer is respectfully requesting a Warrant for Mr. Baker's arrest.

**Respectfully Submitted**

_Teesha King_
_Community Supervision Officer_
_Telephone Number: (202) 585-7655_

11/22/05
DATE

_Lorenzo L. Harris_
_Supervisory Community Supervision Officer_
_Telephone Number: (202) 585-7662_

11/22/05
DATE

cc: File

# ATTACHMENT J

## Jackson, Deirdre (USPC)

**From:** Jackson, Deirdre (USPC)
**Sent:** Wednesday, November 30, 2005 4:15 PM
**To:** Teesha King
**Cc:** Lorenzo Harris
**Subject:** Baker, Todd 07282-007

We have received your AVR on the above-named.  Please be advised there was no evidence attached to the report.  In order to process your request, we need the documents that support your allegations.

Please forward this information so that your request can be considered.

Thank you for your assistance in this matter.

11/30/2005