UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Todd E. Baker,
    Petitioner,

v.

John Caulfield, Warden of CDF
District of Columbia
U.S. Parole Commission, et al.,
    Respondents,

Civil Action No. 06-2135 (CKK)

## Petitioner's Response To Respondents Response To Show Cause Order

Petitioner, acting pro se, hereby files this Response to Respondent's Response to show cause order.

### Case History

On May 3, 2006, petitioner was held as a pretrial detainee. On October 5, 2006, petitioner was released from custody by order of the court. On November 2, 2006, petitioner filed a writ of habeas corpus in the U.S. District Court For The District of Columbia Circuit (USDCDC), for violations of his constitutional rights and torts stemming from an unlawful incarceration. Petitioner contends that the District of Columbia's Department of Corrections (DOCDOC) and the warden of CCA/CTF John Caulfield failed to process his order of release. And as a result the U.S. Parole Commission (Commission) was never notified of his court ordered release. Thus, causing the Commission's warrant (if valid) not to be executed as well as causing petitioner to be unlawfully incarcerated due to lack of having a commitment order. On December 22, 2006, the Honorable Judge Colleen Kollar-Kotelly issued a show cause order to all respondents.

## I. The Respondents Fail To Answer The Show Cause In A Timely Fashion

The Court issued the show cause order on December 22, 2006. The Respondents were to answer by Feb. 22, 2007. Yet, the Respondents failed to answer the show cause order until March 6, 2007, after petitioner notified Respondents of his being transferred. The Respondents failed to motion for an extention of time. Thus, the Respondents are in default and a default judgement should be had.

## II. Respondents Claim They Were Not Served

The USDCDC, at numerous times, has utilized the U.S. Marshalls to properly serve the District and John Caulfield. Thus, there should not be any deviation in the serving process in the instant case. The Respondents are attempting to avoid answering the show cause order.

If in fact the Respondents were not properly served, the Court should serve process and not punish petitioner for an act that was not in his control. Petitioner had been patiently waiting for the Respondents answer.

Furthermore, the Court via the U.S. Marshalls served the Respondents for the petitioner. Petitioner has no choice but to rely on the Courts assistance in the serving process. Petitioner was granted In Forma Pauperis status. Thus, the Court assume the responsibility to serve process.

## III. Respondents Jurisdictional Contentions Are Frivolous

The Respondents jurisdictional contentions are based upon D.C. Code 16-1901(a). The Respondents argument is frivolous due to the fact that provisions of D.C. Code requiring habeas corpus petitions to be filed in D.C. Superior Court unless directed to federal officers does not divest federal courts of jurisdiction to hear habeas corpus petitions filed by D.C. prisoners under federal statute granting power to District Court to grant writ; the D.C. Code provisions only state proper place for bringing petition under D.C. Code, not other sources of authority.

In Addition, the Respondents base their Argument on Knight v. U.S. 892 A.2d 1096 (DC 2006). In Knight v. U.S., petitioner was convicted and sentenced in the Superior Court for the District of Columbia (SCDC), transferred to the custody of FBOP, then transferred to another jurisdiction to serve his sentence. While serving his sentence in another jurisdiction, the petitioner filed a writ in SCDC against federal Respondents. SCDC does not have jurisdiction over federal Respondents. Thus, the Knight case is frivalous to the instant case, which is in the USDCDC not SCDC.

In the instant case, petitioner is a District citizen convicted and sentenced in SCDC. While in the custody of the District of Columbia Department of Corrections (DOCDOC), petitioner properly filed this writ in the District Court for the District of Columbia Circuit (USDCDC) pursuant to federal and District statutes (Title 28 USCA 2241, D.C. Code 16-1901, etc.). Approximately two and one-half months passed after the Honorable Judge Colleen Kollar-Kotelly issued the show cause order and prior to petitioner being transferred to another jurisdiction. Thus, the writ was filed timely and properly.

USDCDC is the proper venue and properly has jurisdiction over the instant case. All parties were located in the District at the time of filing. Once an action commences, relocation of a party does not cause the action to be dismissed nor does the action have to be moved to a new jurisdiction everytime a party relocates as suggested by the Respondents. What matters is, at the time of filing, all parties have some attachment to the jurisdiction the petitioner seeks redress. The Respondents fail to realize that a direct reading of D.C. Code 16-1901 could only refer to jurisdictional issues at the time of filing not after filing and commencement of the case.

The Respondents indirectly have conceded that prior to his transfer petitioner had in fact filed his writ in the proper jurisdiction. However, the Respondents want the court to believe that once the Respondents move to have petitioner transferred to another jurisdiction (petitioner has no authority to transfer himself) the courts no longer have the power to grant writ or order Respondents to answer the show cause order. Thus, to avoid answering writs all the government

Pg 3

has to do is transfer the perpetrator. However, even if the respondents claims are found to have merit, the court can order the return of petitioner by way of the writ.

The respondents fail to timely prepare an answer to the show cause order in default to the court rules. Though late, the respondents attempt to argue jurisdiction issues that have no basis. They attempt to circumvent the show cause order. They attempt to stir the court in another direction rather than attacking the issue at hand, which is answering why petitioner was/is unlawfully incarcerated.

## IV. Respondents Attempt To Evade Responsibility

The respondents attempt to evade responsibility by claiming that they are not responsible for the issuance of the parole detainer. However, at all times in the instant case, the District was the primary custodian of petitioner; John Caulfield, acting warden for CCA/CTF, a private corrections facility located in the District, owned by Corrections Corporation of America (CCA), and contracted by the District to house District inmates, housed petitioner via the DCDOC.

On October 5, 2006, petitioner was court ordered released. According to the criminal case docket 05FEL004729, on October 5, 2006, at noon, the court faxed the D.C. Jail a copy of petitioner's release order. CCA/CTF recieved a copy via transit. It was both respondents duty to process the petitioner's release order. Both respondents neglected the release order. In the process of processing the release order, the respondents would have recognized the parole violator's warrant. Then, the respondents would have notified the Commission or the U.S. Marshalls of petitioner's pending release. Then, the Marshalls would have executed the violator's warrant in a timely manner. On the contrary, the respondents neglected to process the release order. In turn, the respondents forced petitioner to remain incarcerated against his will even though petitioner continuously complained to the respondents about the illegality of his confinement. Respondents continued to tell petitioner

Pg 4

that they were justified in confining petitioner, but never took the time to properly investigate the legality of the matter.

If in fact the respondents did properly process petitioner's court ordered release, the Commission and the U.S. Marshalls would have been notified of petitioner's pending release which would have forced the Commission to execute its warrant immediately within the statutory allotted time or to withdraw the warrant allowing petitioner's release to occur. Neither process occurred because the respondents failed to process the release order.

The respondents are mislead in believing that the issuance of the detainer is the issue at hand when it is indeed not. The issue at hand is the petitioner was arrested on a new criminal charge while on parole. Prior to the new charge, petitioner had already violated parole. Thus, a detainer was issued by the Commission. The detainer is not a commitment order. It is only a request by another party to be informed upon the conclusion of an inmates current obligation so that the requestor can take over jurisdiction of the inmate. Therefore, the Commission only requested to be notified of petitioner's release. In the instant case, the Commission was never notified by the respondents due to their failure to process the release order. Thus, petitioner was court ordered released but never released by the respondents. Instead, the respondents chose to unlawfully detain petitioner without proper authority or without a legal commitment order. Petitioner was never arrested on any new charges after his court ordered release until the Commission executed it's violators warrant some thirty days (30) later. A review of the criminal docket for case number 05FEL004729 will show that the court never ordered a five day hold against petitioner so that the Commission could execute its warrant on petitioner. The only conclusion is that the respondents were derelict in there duties. Had the respondents performed their duties, petitioner would have been in the immediate custody of the Commission or petitioner would have been released due to Commission's failure to execute its warrant in a timely manner.

In Bynum v District of Columbia, the District was made to pay $14,000,000.00 for overdetaining Releasees. It is obvious that the District has failed to correct that which this court ordered them to correct in the above case (Bynum v D.C.). Thus, in the interest of justice and society, the Respondents should be made to answer the show cause order as directed by this court. Furthermore, the Respondents should be made to answer the show cause order even if the Respondents were not served, because the court notified the U.S. Attorney's Office whom represents the Respondents and that alone placed them on notice.

Wherefore, for the reasons set forth herein, the petitioner hereby Request that the Respondents be placed in default or the Respondents be made to answer the show cause order, and that the court declare that the proper jurisidiction lies within the U.S.D.C.D.C.

## Certificate Of Service

I hereby certify on this 14th day of March 2007, that a copy of the foregoing Response To Respondents Response To Show Cause Order was mailed postage prepaid to;

1) Dana K. Delorenzo, Asst. Atty. General, Bar Number 468306, Sixth Floor South, 441 4th Street, N.W., Washington, DC 20001; Counsel for Respondents

*Todd E. Baker* 3/14/07

Pg 6