UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Todd E. Baker,** ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 06-2135 (CKK) |
| ) | |
| **John Caufield, Warden of CDF,** ) | |
| **District of Columbia,** ) | |
| **U.S. Parole Commission, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

**REPLY TO PLAINTIFF'S FILING REGARDING DEFENDANT'S RESPONSE TO ORDER DIRECTING RESPONDENTS TO SHOW CAUSE**

Respondents, Warden Caufield and the District of Columbia (hereinafter "District respondents"), by and through undersigned counsel, submit this Reply to the plaintiff's Filing Regarding Defendants' Response to the Order to Show Cause. In their Response, the District respondents argued: 1) neither of the respondents was properly served; 2) the Court does not have jurisdiction to hear the writ because Mr. Baker is no longer in a District facility; and 3) the District respondents are not responsible for the U.S. Parole Commission's detainer.

In his filing, Mr. Baker challenged all of the defendants' arguments. However, Mr. Baker did not dispute the fact that he is no longer incarcerated in a District facility. But he argued that, since he filed his habeas petition while he was incarcerated in a District facility, the United States District Court for the District of Columbia continues to have jurisdiction over his petition even though he was subsequently transferred out of the District.

The District defendants acknowledge the precedent that "[w]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's … release." *Fletcher v. Reilly*, 2006 U.S. App. LEXIS 269 *22-23.  In *Fletcher*, the habeas petitioner was moved to another facility before the Court ruled on his petition and thus, his habeas petition named his former custodian and the chairman of the U.S. Parole Commission.

Here, Mr. Baker named Warden Caufield, the District and the U.S. Parole Commission as respondents.  However, Warden Caulfield (or the District) is not the proper respondent in this habeas case because he/it does not have custody or control of the petitioner, and therefore cannot address the petitioner's claims or provide the relief sought in the petition. *See United States v. Crockett,* 861 A.2d 604 (D.C. 2004) (holding that the proper party in a habeas action is the warden who has custody over petitioner).

Rather, as demonstrated in the U.S. Parole Commission's lengthy response to the Court's Show Cause Order, the Parole Commission is the proper respondent because it does have custody or control of the petitioner.  Indeed, the *Fletcher* Court determined that the Parole Commission was properly named as a Respondent because "[t]he Commission has legal authority to effectuate Fletcher's release…" *Id.* at *22.  That conclusion was strengthened by the fact that "the U.S. Parole Commission has appeared in this case, responded to the merits of Fletcher's claim, and raised no objections on grounds of venue or personal jurisdiction." *Id.*  The same analysis should apply to the instant case.

WHEREFORE, for the reasons set forth herein, the District respondents hereby request that the Petition for Writ of Habeas Corpus be dismissed.

Respectfully submitted,

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_____/s/_____
DANA K. DELORENZO
Assistant Attorney General
Bar Number 468306
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6515
(202) 727-3625 (fax)
E-Mail: dana.delorenzo@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this 22nd day of March, 2007, that a copy of the foregoing Reply was mailed postage prepaid to:

Todd Emerson Baker, *pro se*
FCI Cumberland
Unit A2
P.O. Box 1000
Cumberland, MD 21501-1000

_____/s/_____
Dana K. DeLorenzo
Assistant Attorney General