UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Todd E. Baker,

v.                                          Civil Action No. 06-2135 (CKK)

John Caulfield, et al.,

**RECEIVED**

APR - 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Petitioner's Reply To Respondents Rebuttal To Petitioner's Response
To Respondent's Answer To The Show Cause Order

   Petitioner Todd Baker, hereby responds to respondents John Caulfield and the District of Columbia (hereinafter "District Respondents") reply to petitioner's Response to Respondents Answer to the show cause order. Petitioner states as follows:

   The District Respondents are attempting to divert their liabilities towards the Commission. The District Respondents fail to understand that the instant case requires a division in liabilities. These liabilities stem from actions and inactions from all Respondents.

   The District Respondents claim that they are not the proper Respondents in the instant case by claiming that they did not have custody of petitioner when petitioner filed this Habeas Corpus. However, petitioner sent this Habeas Corpus to the Court on Nov. 2, 2006 one day prior to the Commission executing its warrant. The court upon reciept stamped the documents thereof. Thus, petitioner commenced with this action on Nov. 2, 2006. On Dec. 14, 2006, the courts subsequently officially filed this action. Therefore, petitioner properly and timely filed this action while in the immediate custody of the District Respondents.

   "The default rule is that the proper Respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Rumsfeld v Padilla, supra, 124 S. Ct. at 2718; Rasul v Bush, 124 S.Ct. 2686, 2695 (2004); Stokes v U.S.P.C., 374 F.3d 1235, 1238 (D.C. Cir.). Therefore, the District Respondent's claim

1

that Warden John Caulfield or (the District) is not the proper respondent in this habeas case falls on its face. Petitioner, at the time of filing, was housed at CCA/CTF in the immediate custody of John Caulfield and the District.

The District Respondents claim that Warden Caulfield did not have custody or control of the petitioner, and therefore cannot address the petitioner's claims or provide the relief sought in the petition. On the contrary, "A jailer is liable for false imprisonment if he knows or should know that an arrest was illegal and that he has no right to imprison the person arrested, whether his act is done officially or otherwise." See, Reeves v Jackson, (CA5 Miss) 608 F2d 644; Abbott v Cooper, 218 Cal 425, 23 P2d 1027. Similarly, "as a general rule, unless a jailer has legal authority in the form of a valid written mittimus, he is liable for false imprisonment in detaining a prisoner beyond a reasonable time for procuring such authority." See, Garvin v Muir, (Ky) 306 SW2d 256; Patterson v Prior, 18 Ind 440; Zinkhan v District of Columbia, 50 App DC 312, 271 F 542. Furthermore, the general rule that all who take part or assist in the commission of a false imprisonment are joint tortfeasors is applicable to the District Respondents. See, Oppenheimer v Los Angeles, 104 Cal App 2d 551, 232 P2d 30; Egleston v Scheibel, 113 App Div 798, 99 NYS 969.

At the time of petitioner filing this Habeas, petitioner was in the immediate custody of District Respondents. While in the custody of the District Respondents, petitioner continuously complained to his case managers Ms. Griffin and Ms Smith, his unit manager Ms. Stewart-Pointer, and petitioner exhausted his administrative remedies up to the Mayor's Office. Warden Caulfield fail to answer petitioner's grievance when it reached his level. Thus, petitioner persistently notified the District Respondents of the fact that the transfer of custody had not been made by execution of a valid parole warrant ~~~~~ between Oct. 5, 2006 and Nov. 3, 2006. However, the District Respondents and their subordinants knew or should have known

2

that petitioner's rights were being violated, they had the power to prevent the violations, but instead chose to sit back idle, turning their eyes away tacitly allowing the violations to continue.

Petitioner's claims against the District respondents is centered around the time of petitioner's court ordered release (Oct. 5, 2006) and the thirty (30) days thereafter. Between Oct. 5, 2006 and Nov. 3, 2006, a process should have occurred but did not. When petitioner was court ordered release on Oct. 5, 2006, petitioner should have immediately been taken to the District Court to be served the warrant by the U.S. Marshalls. The transfer of custody from the District respondents to the Commission would have been attempted until both parties would have realized that they possessed an unsigned warrant void on its face. The transfer of custody would have to had been delayed until a valid warrant was re-issued. Then the new warrant could have been executed effecting the proper transfer of petitioner into the Commission's custody. However, the above did not occur. What occurred on the contrary was, petitioner was taken directly back to CCA/CTF in to the custody of the District respondents and petitioner was forgotten about by all parties. If not for petitioner's persistence, who knows how long he would have been neglected in the system. Petitioner is not the only one this is happening to in the District Respondents custody. The District respondents continue to deny having custody of petitioner between Oct. 5, 2006 and Nov. 3, 2006, but what the District respondents should be doing is explaining how, when, and by what process was the transfer of custody made to petitioner and to the courts prior to Nov. 3, 2006 when the Commission's unsigned warrant was executed by the U.S. Marshalls unlawfully. The District respondents cannot show any transfer of custody on ~~[redacted]~~ Oct. 5, 2006 or prior to Nov. 3, 2006.

3

"Pursuant to 18 USCS 4213, the transfer of custody of petitioner cannot be had but only through the execution of a _valid_ parole violators warrant issued by the Commission." See. Hash v Henderson, 385 F.2d 475. A warrant is not self-executing when parolee is not taken into custody. "Placing a detainer against a parolee who has been arrested on intervening charges does not constitute execution of the warrant." See. Hopper 702 F.2d 848; Cook 488 F.2d 667, 671; U.S. v Wickham 618 F.2d 1307, 1309. A detainer does no more than request to be informed upon release of parolee and the Commission's intent to defer consideration of parole revocation to a later time. Moody 429 U.S. 86. Thus, the District respondents unlawfully had petitioner in their custody for the 30 day period between Oct. 5, 2006 and Nov. 3, 2006 the day the U.S. Marshalls unlawfully executed the unsigned warrant.

The District respondents sat dormant on the court ordered release. By doing so, the U.S. Marshalls were never notified of petitioners pending release. Moreover, the fact that petitioner continuously confronted prison officials of the unlawful detention frustrates the matter more so. In result, petitioner's 4th Amendment right against illegal seizure, his 5th and 14th Amendment due process rights, Federal law, and District law were violated.

"When _valid_ warrant for retaking parolee has been issued by the Commission and remains outstanding,... officers may detain that person only for the time necessary to contact federal officials and effect transfer of person into federal custody so that warrant may be properly executed." U.S. v Polito (1978 CA2 NY) 583 F.2d 48. In the instant case, there was no _valid_ outstanding warrant because an unsigned warrant cannot be issued pursuant to 28 CFR 2.98(d). Therefore, it may be said that the execution of the warrant on Nov. 3, 2006 by the U.S. Marshalls is unlawful and void rendering no transfer of custody at all. Thus, the District respondents continued immediate custody due to procedural defects before and after Nov. 3, 2006 due to the above statutes and regulations rendering the warrant invalid and unlawfully enforced.

4

Even if it is found that the District of Columbia relinquished custody of petitioner to the Commission on Nov. 3, 2006, John Caulfield is still the proper respondent in this issue because before and after execution of a parole violators warrant violators remain housed in CCA/CTF to await the revocation process. Thus, immediate physical custody remains in John Caulfields control at all times even if the District of Columbia and the Commission exchange custody of a parolee.

Although John Caulfield is an agent for Corrections Corporation of America (CCA) which contracts with DOCDOC to house District prisoners and the Federal government to house Federal prisoners, he is the Acting warden with physical custody over petitioner at the time of filing the habeas. The District respondent's use of Fletcher v Reilly, 2006 U.S. App. Lexis 269 *22-23 is in accordance with petitioner's claims. However, the District respondents use of U.S. v Crockett, 861 A.2d 604 (D.C. 2004) is misplaced because Crockett was located in a jurisdiction outside the District of Columbia when attempting to file his habeas in the District of Columbia courts. Whereas, petitioner was incarcerated in the District of Columbia when his habeas was filed.

On Oct. 5, 2006, the day of petitioners court ordered release, through Nov. 3, 2006, commencement of service of the unexpired portion of petitioners sentence did not begin to run because there was no transfer of custody. It is known that transfer of custody cannot be had prior to execution of the warrant. Thus, the Commission did not commence the unexpired sentence until Nov. 3, 2006, the day the unsigned warrant was executed upon petitioner. Therefore, the fact that the Commission began the commencement of the unexpired portion of the sentence on Nov. 3, 2006 undisputedly shows the court and the respondents that the Commission by its own actions concedes that the Commission's custody was not had between Oct. 5, 2006 and Nov. 3, 2006. If the Commission's custody of petitioner had been had between Oct. 5, 2006 and Nov. 3, 2006, the Commission would have credited the 30 days towards petitioners unexpired sentence. The Commission did not, because it could not,

5

for it did not have custody of petitioner pursuant to 18 USCS 4213, 28 CFR 2.98 and 2.99. In addition, 28 CFR 2.98(e) bars expiration of the sentence until execution of a valid warrant. However, the barring cannot occur when an invalid warrant exist.

What role do the U.S. Marshalls play? Petitioner contends that the U.S. Marshalls play a crucial role in transferring petitioner's custody from the District of Columbia to the Commission. It is imperative the court hears the view of the U.S. Marshalls. This is so because it must be determined whether or not the U.S. Marshalls were properly notified of petitioner's pending release. If so, why did they not execute the warrant in a timely manner? If not, the petitioner's claims against the District respondents are valid and should stand resulting in the relief requested.

Thus far, petititioner has attempted to show: that the District Respondents are proper respondents within this habeas; that the claims against the District respondents are part of the whole, yet they are individualized claims; that the roles the District respondents played can only be answered by them alone; and the District Respondents must be held liable for their actions in violating petitioner's rights. Furthermore, the Commission must also be held liable for its actions in violating petitioner's rights in that:

1) Pursuant to 18 USCS 4213(a) and 28 CFR 2.98 the Commission may issue a warrant.
2) Pursuant to 28 CFR 2.98(d) the Commission's warrants are rendered invalid because neither the unsigned or signed warrant met the requirements set forth within the regulation in being considered issued.
3) Pursuant to 28 CFR 2.44(e), 28 CFR 2.98(f), and 18 USCS 4213(c) the Commission was required but fail to provide petitioner with written notice.
4) Pursuant to 18 USCS 4213(b) the Commission was required to but failed to suspend the issuance of the warrant pending deposition of the charge.
5) Pursuant to 18 USCS 4214 the Commission was required but fail to provide petitioner notice of the pending review, an opportunity to submit a written application containing information relative to disposition of detainer, and counsel.

6

6) The detainer placed on petitioner by the U.S. Marshalls is invalid and unlawful because it is based upon the unsigned warrant.

7) The execution of the warrant is invalid and unlawful because it is based upon an invalid warrant.

8) The fevits of the invalid warrant (ie, the revocation of parole and the time petitioner spent incarcerated thereof) are forbidden, invalid, illegal and unlawful.

9) Because of the procedural defects proper transfer of custody was never had; thus, petitioner never left the custody of the District Respondents.

Summarily, petitioner has shown the court each respondents liability and role in violating petitioner's rights. The District Respondents claim that the Commission is the proper respondent; whereas, the Commission is a proper Respondent just as the District Respondents are proper respondents as well. The District Respondents claim under Fletcher v Reilly, 2006 U.S. App. Lexis 269 that the Commission has legal authority to release petitioner. However, on the contrary, petitioner contends that the District Respondents knew of or should have known of the procedural defects, and that they were alerted by petitioner at numerous times and ways. The District respondents had the power to prevent the violations, but chose not to. Warden John Caulfield, although he did not have the power to release petitioner, had the power to demand the removal of petitioner from his custody at CCA/CTF back to DOCDOC at the D.C. Jail to prevent liability for damages incurred to petitioner. Instead, Warden John Caulfield chose to keep custody of petitioner. The District, because of the court ordered release, had the power to release petitioner from its custody between Oct. 5, 2006 and Nov. 3, 2006 because the District had custorial jurisdiction over petitioner between those dates at the least. Because there was no transfer of custody between those dates, direct custody remained with the District. Therefore, the District had the power to demand the execution of the warrant or effectuate petitioner's release due to the lack of. In addition, because it is conceded that the unsigned warrant was sent to the U.S. Marshalls in violation to 18 USCS 4213 and 28 CFR 2.98(d) placing the detainer invalid and unlawful, there was no proper/valid authority to effectuate any transfer of petitioner's

7

custody between the District and the Commission. In result, while physical custody was afforded to Warden John Caulfield, constructive custody was maintained by the District but was frustrated by the petitioner's court ordered Release.

Furthermore, the court must determine whether a valid transfer of custody was made on Nov. 3, 2006 pursuant to 18 USCS 4213 and 28 CFR 2.98

In Reply to the District respondents contentions over the Commission Responding to the merits of petitioner's claims but raising no objections as to venue or personal jurisdiction, petitioner contends that the Commission knows that venue is proper; and the Commission knows that a parolee charged with a new crime while on parole is not stricken from the Commission's jurisdiction of that parolee thus the court maintains personal jurisdiction over both the Commission and parolee because both are within the District's boundaries. The Commission also knows that if it argued personal jurisdiction it would be futile. What the Commission wants to do is have the court believe that its warrants were valid from there conception pursuant to 18 USC 4213 and 28 CFR 2.98(d), and that they had proper custody of petitioner when they did not.

WHEREFORE, for the reasons set forth herein, the petitioner hereby request that the below relief be granted:

1) Declare that the District respondents over-detained petitioner thus violating petitioner's 4th Amendment rights against Illegal Seizure and the tort of False Incarceration.

2) Declare that the District respondents violated petitioner's 5th and 14th Amendment rights under the Due Process Clause.

### Certificate of Service

A copy of Petitioner's Reply To Respondents Rebuttal was sent this 1st day of April 2006, U.S. Mail, postage paid, to the below locations:

1) Tricia D. Francis, Asst. U.S. Attorney, Special Proceedings Division, 555 4th Street, N.W., Rm 10-447, Washington, DC 20530

2) Dana K. DeLorenzo, Asst. Atty. General, Sixth Floor South, 441 4th Street, N.W., Washington, DC 20001

*Todd Baker*

8