DISTRICT OF COLUMBIA CIRCUIT

RECEIVED
MAY 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Todd Baker,
   petitioner

v.                              Civil No. 06-2135 (CKK)

John Caulfield, et al.,
   Respondents

## Petitioner's Response To Respondent's Opposition To Petitioner's Writ

Comes now Todd Baker, above petitioner, pro se, to this Honorable Court, responding to Respondent U.S. Parole Commission's (Commission) opposition to petitioner's Writ of Habeas Corpus, hereby request the granting of petitioner's Writ for the following reasons:

### Case History

1) On July 21, 2005, petitioner violated his parole.

2) On August 18, 2005, petitioner was arrested on a new charge. Then released.

3) On January 13, 2006, the Commission sent the U.S. Marshalls, by way of U.S. mail or electronic transfer, an unsigned warrant for the arrest of petitioner.

4) On January 17, 2006, the Commission alleges to have signed a copy of the warrant sent to the U.S. Marshalls on January 13, 2006. However, the signed copy was filed but not sent in place of the unsigned warrant rendering both invalid.

5) On May 3, 2006, petitioner was held as a pretrial detainee.

6) Around May 3, 2006, the U.S. Marshalls placed a detainer against petitioner.

7) On Oct. 5, 2006, petitioner was released from his pending charges by order of the court.

8) Between Oct. 5, 2006 and Nov. 2, 2006, the District of Columbia Department of Corrections and Corrections Corporation of America's Central Treatment Center fail to process petitioners release order, nor had the U.S. Marshalls executed a warrant on behalf of the Commission for the re-arrest of petitioner, causing petitioner to be unlawfully detained as a result of no valid commitment order.

Pg 1

9) Approx. Oct. 31, 2006, petitioner's case manager (Ms. Smith) informed petitioner that the Commission's warrant had not been signed by a Commissioner, causing the warrant dated Jan. 13, 2006 to be invalidly issued. Therefore, the unsigned warrant had to be immediately sent back to the Commission to be signed and validated.

10) On Nov. 2, 2006, petitioner submitted this Writ of Habeas Corpus to the Court seeking relief.

11) On Nov. 3, 2006, petitioner was taken to District Court to have the warrant executed by the U.S. Marshalls. The executed warrant was dated Jan 13, 2006 the date of issue, but signed Jan 18, 2006 by a Commissioner. Thus, the Commission executed a warrant that was invalid in it conception rather than issuing a valid warrant prior to execution.

12) On Dec. 14, 2006, the Court officially filed petitioner's Writ.

13) On Dec. 22, 2006, the Honorable Judge Colleen Kollar-Kotelly issued a show cause order against the respondents.

## Argument

1) 28 CFR 2.98(d) clearly states that "... A summons or warrant shall be considered issued when signed and either: ① placed in the mail ② sent by electronic transmission..."

Neither warrant met the requirements necessitated to be considered issued. The unsigned warrant dated Jan. 13, 2006 obviously was not signed (the Commission conceded this much), but was either mailed or electronically transmitted to the U.S. Marshalls. The signed warrant dated Jan. 17, 2006 obviosly was signed but was neither sent by mail or electronic transfer to the U.S. Marshalls. Both warrants are void on their face. Neither warrant was properly issued in accordance to the Commissions regulations. A warrant not signed by the Commission or properly issued, is a major defect in the regulated process. An unsigned warrant, whether unsigned by the Commission or by a Judicial Officer, is invalid on its face and amounts to just a piece of paper unenforceable. If enforced, an abuse in process has occurred.

The Commission wants this Court to believe that the unsigned warrant sent out Jan. 13, 2006 should be justifiable by way of the Commission signing a copy of the Jan. 13, 2006 warrant on Jan. 17, 2006 four day later despite the fact that the Commission fail to send the signed copy out by way of mail or electronic transfer to the U.S. Marshalls to replace the unsigned warrant. Had the Commission

initially sent the signed copy to replace the unsigned in January. After signing it, the Commission would have saved face. However, the Commission failed to do so. The signed warrant was never issued.

The Commission argues that pursuant to D.C. Code 24-405 and 28 CFR 2.98(a) they may issue a violators warrant. However, the Commission neglects to show that the issuance must be in accordance to 28 CFR 2.98(d). Pursuant to 28 CFR 2.98(d), the Commission fail to issue a warrant.

On Nov. 3, 2006, the Commission, by way of the U.S. Marshalls, executed either the unsigned warrant or the signed warrant both of which are invalid. The Commission should have, pursuant to 28 CFR 2.99(c), released petitioner to be continued under supervision and issued a valid warrant to re-take petitioner.

a) Because the Commission sent the U.S. Marshalls the warrant on Jan. 13, 2006, the Marshalls acted upon the warrant as it would any other warrant sent by the Commission. However, the warrant sent to the Marshalls on Jan. 13, 2006 was unsigned and unlawful. Disregarding the validity of the warrant, the Marshalls forwarded the warrant in the form of a detainer against petitioner to the District of Columbia Department of Corrections (DOCDOC).

The forwarding of a detainer based upon an invalid warrant violates petitioner's due process because petitioner's liberty interest becomes affected due to the detainer. The detainer caused petitioner to be prejudiced.

Though petitioner was held as a pretrial detainee, petitioner was afforded a bond of $1000.00. Petitioner would have paid the bond if not for the detainer. The detainer prevented petitioner's release back to society. Thus, petitioner spent five(5) months incarcerate due to the unlawful detainer placed against petitioner that was based upon an invalid warrant.

Petitioner was further prejudiced in that the detainer affected his classification, preventing petitioner certain liberties as a prisoner as well as increasing the level of classification.

Pg. 3

3) On October 5, 2006, petitioner was court ordered released. The Respondents District of Columbia via DOC DOC and John Caulfield via CCA/CTF were responsible for processing petitioner's release. These Respondents hereby known as the District, were derelict in performing their duties. The District did not process petitioner's release orders as ordered by the Court. By not processing petitioner's release orders, the District failed to inform the U.S. Marshalls of petitioner's pending release. In result, petitioner was over-detained by the District and the warrant (though unlawful) was not executed. Petitioner was forced to remain incarcerated against his will, for approx. thirty days. Between Oct. 5, 2006 and Nov. 2, 2006, petitioner continued to inform the District of the unlawful detention and the warrant not being executed. Despite the fact, petitioner was continuously told by his case manager Ms. Smith that the detainer warrant had been executed when it in fact had not been executed. Nov. 2, 2006, petitioner mailed this writ to the Court.

Petitioner was prejudiced in that his due process liberty interest have been violated, emotionally he suffered anxiety and stress, he was treated cruel and unusual, his associations were curtailed, and he was denied the ability to vindicate himself.

4) On Nov. 3, 2006, the Commission via the U.S. Marshalls re-arrested petitioner based on an invalid warrant.

5) The U.S. Marshalls, the District Respondents, all other agencies and persons whom recieved a copy of the unsigned warrant and acted under the color of its authority may have acted in good-faith but their actions violated petitioner's Constitutional rights afforded under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. Their actions, based upon an invalid warrant, are invalid within themselves. The issuance of the detainer, the effect the detainer had on petitioner's incarceration, the over-detention, the execution of an invalid warrant, the revocation of parole, and the time sentenced to incarceration all based upon an invalid warrant are violative to petitioner's rights and invalid within themselves. The unsigned warrant sent out against petitioner was the cause of the above actions.

6) On Oct. 5, 2006, petitioner was court ordered released. Despite the fact, petitioner was force against his will to remain incarcerated between Oct. 5, 2006 and Nov. 3, 2006. Petitioner was unlawfully incarcerated for thirty days. Petitioner's court ordered release freed him from the commit order placed on him by the courts. The detainer, being invalid due to the unsigned warrant that was invalid too, had no authority. Thus, there was no legal authority or valid commitment order available for the District to justify it's failure to process petitioner's release order. Therefore, the District unlawfully detained petitioner in violation to the Fourth Amendment Clause against illegal seizure and the due process clause of the Fifth and Fourteenth Amendment.

7) The Commission, on pg 6 in its argument, concedes that the U.S. Marshalls and the DOCDOC both recieved a copy of the unsigned warrant which is invalid. The Commission is being evasive by not stating that neither the U.S. Marshalls or the DOCDOC ever recieved a copy of the signed warrant until November of 2006, days prior to the execution of the warrant. It appears that the Commission wants to lead the Court to believe that after signing a copy of the unsigned warrant, both the U.S. Marshalls and the DOCDOC recieved an updated signed copy which is not true. Furthermore, the Commission conceded in petitioner's claim that all parties acted on an unissued and invalid warrant from Jan. 13, 2006 to Nov. 3, 2006 by admitting that "it lawfully issued the signed parole violation warrant before it was ultimately executed on Nov. 3, 2006." However, the Commission seems not to want to tell the Court the exact issue date.

The Commission wants the Court to agree that the Commission can take the signed warrant dated Jan. 17, 2006; fail to ▓▓▓ issue it; then take that same warrant some ten (10) months later; replace an unsigned and invalid warrant with it; consider it issued and valid; then execute the warrant on petitioner.

Petitioner contends that if a Judicial Officer signs a warrant to be issued that warrant expires after a period of time. Thus, when the Commission signs a warrant and fails to issue it within a timely fashion that warrant must have an expiration date and be voided. Thus, for the Commission to sign a warrant, fail to

Pg 5

issue the warrant, then try to issue it ten (10) months later has to be an abuse of process. The Commission should be made to issue a new warrant.

In Addition, on pg. 5 the Commission leads the Court to believe that "the Commission's warrant, which was issued in January 2006 in this case, was lawfully issued." There are two warrants at issue in this matter; ① the unsigned warrant submitted to the U.S. Marshall on Jan. 13, 2006, and ② the signed copy of the unsigned warrant held by the Commission but not submitted to the U.S. Marshalls dated Jan. 17, 2006; in which both were never issued pursuant to 28 CFR 2.98(d). Thus, the Commission wants the Court to believe that the warrants or one of the warrants were/was valid upon their/its conception. On the contrary, on pg. 6, the Commission seems to want the Court to believe that it lawfully swapped out the unsigned warrant with the signed warrant prior to its execution.

Moreover, the Commission wants the Court to believe that petitioner was held on bond prior to the execution of the warrant when in fact petitioner was on bond from May 3, 2006 to Oct. 5, 2006; and from Oct. 5, 2006 to Nov. 3, 2006 though court ordered released, petitioner was over-detained by the District and an invalid detainer warrant was in fact problematic as well.

Finally, the Commission argues that petitioner has not established that the revocation proceedings were affected by the unsigned warrant and how petitioner was prejudiced. Petitioner contends that in the beginning of the Commission's argument the Commission attempts to claim that the signed warrant was validly issued and precluded the unsigned warrant in its conception. Now, towards the end of the Commission's argument, it reverberates to the unsigned warrant and how it affects the revocation process. If the unsigned warrant was precluded, it would have no affect on the revocation process. But the Commission knows that the unsigned warrant was thought to be issued from Jan. 13, 2006 to Approx. Oct. 31, 2006. However, when the Commission found the unsigned warrant invalid approx. Oct. 31, 2006 and replaced it with the signed warrant, the unsigned warrant no longer had an affect. The unsigned warrant only affected the issuance of the detainer, the liberty status of petitioner if he paid his bond, and petitioner's classification and confinement status. However, if the

Pg 6

signed warrant is found to be invalid when it replaced the unsigned warrant in November 2006, then petitioner would have definitely been prejudiced by the revocation of his parole and the time spent in confinement because of the execution of a invalid signed warrant. Despite the fact, it appears that the Commission is trying to center this Writ around the revocation of petitioner's parole when it is in fact a piece of the puzzle, but not by far the complete puzzle.

8) The Commission argues that because petitioner accepted the Commission's expedited offer, the petitioner's claim should be rejected because he waived his right to challenge the Commission's parole violator warrant and revocation decision. However, the Commission's argument is misconstrued. Here again, the Commission evasively tries to mislead the Court by substituting terms within the waiver signed by petitioner on Jan. 11, 2007, (see Commission's Attachment R "Response To Expedited Revocation Proposal") The signed waiver clearly states "waiving my right to a revocation hearing, and waiving my right to appeal the decision." No where in the waiver does it state "waiving right to challenge the Commission's parole violator warrant."

Waiving ones rights when accepting the expedited offer is akin to waiving ones rights when accepting a plea agreement. Whatever rights are being waived must be spelled out in detail precisely what rights are being waived. The rights being waived are binding and are governed by contract law. The Commission cannot randomly add and delete terms within the waiver agreement after signing.

The issuance of a warrant is a separate and regulated process just as the revocation of a parolees liberty interest is a separate and regulated process. The Commission cannot merge the two processes.

On Nov. 2, 2006, petitioner submitted this Writ to the Court. The Court stamped the reciept of the Writ thereafter. However, the Court required petitioner to submit additional information in which the Court upon its satisfaction of the submitted material subsequently officially filed the Writ on Dec. 14, 2006. Therefore, petitioner challenged the validity of the warrant prior to the warrant being executed. Thus, petitioner's challenge of the warrant came into play before the revocation process ever began. Furthermore, the Honorable Judge Colleen Kollar-Kotelly issued her show cause order prior to the expedited offer coming into play. So, petitioner signing the expedited offer had no effect on the

challenging of the warrant whatsoever.

Prior to acceptance of the expedited offer, petitioner consulted with his counsel Ms. Colleen McCrystal about confronting the Commission's examiner about the writ's contents in hope to gain leniency due to the Commission's negligence in issuing the warrant and in the execution thereafter. Petitioner's counsel told petitioner that it would be to no avail because the Commission's point of view would be to disregard the challenge and continue with the revocation process. Therefore, the challenge would be futile in that petitioner would be asking the doer to undo that which it did and that which it will deny, and which the Commission has denied within its argument.

Moreover, the revocation process does not encompass the claims made in the Writ. In *Morrissey v Brewer* 408 U.S. 471, the Supreme Court stated the minimum requirements encompassed in the revocation hearing. None of which encompasses the claims made in the Writ. And, the Commission will only afford parolees the minimum requirements in the revocation hearing. Therefore, petitioner would not have been heard regardless.

The petitioner voluntarily signed the waiver. However, as far as petitioner's knowledge of the general nature and consequences of the waiver, petitioner only knew that by signing the waiver he was forgoing the revocation hearing in which he wanted to because he could not contend and win, and petitioner only knew that as a result he could not appeal the decision of the Commission. Petitioner knew that pursuant to 28 CFR 2.26(e) "Appeal To National Appeals Board," appeals may only be based upon certain grounds specified by the Commission and none of those grounds have anything to do with petitioner's Writ.

In accepting responsibility for the charged violations, petitioner admitted the alleged facts, it removes the issue of factual guilt and simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established. See *Menna* 423 U.S. 61, 46 L.Ed. 2d. 195.

However, petitioner is challenging jurisdictional issues.

Pg 8

jurisdictional issues, therefore, are rights which are justified as protecting something other than the truthseeking process. See id. At 62-63 (guilty plea cannot waive double jeopardy claim...); U.S. v Harper, 901 F.2d 471, 472-73 (5th Cir.) (guilty plea did not bar Habeas Corpus petition on indictment because plea did not waive jurisdictional defects); U.S. v Spinner, 180 F.3d 514, 515-16 (3d Cir 1999) (guilty plea did not bar claim that indictment was jurisdictionally defective); Hooper, 112 F.3d 83, 86 (Jurisdictional issues not waived); Mulloy, 3 F.3d 1337, 1340-41 (Not waived when not included in list of rights cited.); Gibson, 777 F.2d 1058-59 (claims raised before guilty pleas not waived based on jurisdictional issues). Thus, petitioner's jurisdictional claims are Ripe.

In addition, the Commission's waiver argument attempts to broaden the scope of the waiver itself. The waiver is limited in scope in that the Commission's regulations under 28 CFR 2.26(e) state the specific grounds that can only be challenged by a parolee. Therefore, even if the petitioner rejected the expedited offer and a revocation hearing was held so that petitioner was able to challenge the claims in the Writ, petitioner still would not be permitted to challenge the issues to the National Appeals Board because the claims in the Writ do not fall under any grounds provided under 28 CFR 2.26(e) which only allows appeals based on truthseeking grounds, whereas petitioner's claims are jurisdictional. Thus, the Commission's waiver argument is insignificant because 28 CFR 2.26(e) clearly prevents petitioner's Writ claims waived or not. Moreover, petitioner's Writ is challenging violations stemming from Constitutional Law, Federal Statutes and Regulations, and District laws and statutes which is far from challenging the revocation of his parole.

WHEREFORE, based on the above rebuttal, petitioner prays that this Honorable Court declare:

1) that the failure to issue the warrants pursuant to 28 CFR 2.98(d) Rendered the warrants invalid/not issued.

2) that due to the U.S. Marshalls acting on an invalid warrant when lodging detainer Rendered the detainer invalid.

3) that the invalid detainer prejudiced petitioner's liberty interest by preventing his release on bond violating the Due Process Clause.

4) that between Oct. 5, 2006 and Nov. 3, 2006, the District over-detained petitioner violating the Fourth Amendment Right against illegal seizure and the False Incarceration Tort.

5) that the execution of the Jan. 17, 2006 warrand is invalid.

6) that all subsequent actions based upon the invalid warrants are Rendered void of authority.

7) that due to the reckless and negligent manner in which the Commission performed its duties petitioner's charges be dismissed.

And grant any other relief the Court deem appropriate.

Respectfully Submitted,

Todd Baker

## Certificate of Service

A copy of Petitioner's Response To Respondent's Opposition To Petitioner's Writ was sent this ___ day of March 2006, U.S. Mail, postage paid, to the below locations:

1) Tricia D. Francis, Asst. U.S. Attorney, Special Proceedings Division, 555 Fourth Street, N.W., Rm 10-447, Washington, DC 20530

2) Dana K. Delorenz, Asst Atty. General, Sixth Floor South, 441 4th Street, N.W., Washington DC 20001


_Todd Baker_          _____