# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

TODD EMERSON BAKER,       )
                                  )
              Petitioner,      )
                                  )
   v.                       )      Civil Action No.  06-2135 (CKK)
                                  )
JOHN CAULFIELD, *et al.*,     )
                                  )
             Respondents.    )

## MEMORANDUM  OPINION

      This matter is before the Court on petitioner's *pro se* petition for a writ of habeas corpus and the respondents' responses to the December 28, 2006 Order to Show Cause.  For the reasons discussed below, the Court will deny the petition.

### I.  BACKGROUND

      Petitioner's most recent release on parole was May 6, 2005.[1]  U.S. Parole Commission's Opposition to Petitioner's *Pro Se* Petition for a Writ of Habeas Corpus ("Comm'n Opp'n"), Attachment ("Attach.") H (Apr. 15, 2005 Certificate of Parole).  In October 2005, his Community Supervision Officer ("CSO") reported several alleged violations of the conditions of petitioner's parole.  *Id.*, Attach. I (Oct. 3, 2005 Alleged Violation(s) Report).  Among other

---

[1]      The Superior Court of the District of Columbia revoked petitioner's probation on June 30, 1997 and imposed consecutive prison sentences on two criminal convictions.  *See* Comm'n Opp'n, Attach. B (Judgment and Commitment Orders, Criminal Nos. F-10791-95 and F-2866-96) & Attach. O (D.C. Local Revocation Prehearing Assessment) at 1.  The United States Parole Commission released petitioner on parole twice, *see id.*, Attach. C & E (May 15, 2002 and Apr. 2, 2004 Certificates of Parole), and revoked parole twice for various violations of release conditions.  *See id.*, Attach. D & G (Sept. 3, 2003 and Jan. 28, 2005 Notices of Action).

things, petitioner failed to report for drug testing eight times, tested positive for cocaine three

times, and failed to obey all laws as shown by his August 18, 2005 arrest in the District of

Columbia for second degree burglary.  *Id.*, Attach. I at 2, Attach. K (Arrest Report) & Attach. L

(Warrant Application).  On January 13, 2006, the United States Parole Commission ("Parole

Commission") issued a parole violator warrant which was lodged as a detainer on or about May

3, 2006.  *Id.*, Attach. L (Warrant); Pet. at 8;[2] Petitioner's Response to Respondent's Opposition

to Petitioner's Writ at 1.  The warrant was not signed until January 17, 2006.  Comm'n Opp'n,

Attach. L (Warrant).

The criminal case stemming from petitioner's arrest second degree burglary, Crim. Case

No. F-4729-05, was pending before the Superior Court of the District of Columbia when the

Parole Commission issued its warrant.  *See* Comm'n Opp'n at 3 n.2.  A Magistrate Judge of the

Superior Court issued a bench warrant for petitioner's failure to appear on September 7, 2005 at a

hearing.  *Id.*, Attach. L (Warrant Application) at 2.  The bench warrant was executed on May 3,

2006, *id.*, at which time "petitioner was held as a pretrial detainee."  Petitioner's Response to

Respondents Opposition to Petitioner's Writ ("Pet.'s Response") at 1; Pet. at 10.  On October 5,

2006, the Magistrate Judge ordered petitioner's release on personal recognizance.  *See* Comm'n

Opp'n at 4 n.2.  However, petitioner remained in custody "on a five day hold to allow the [Parole

Commission] to execute a parole violator warrant."  Pet. at 10.

At petitioner's urging, his case managers made inquiries on October 16 and November 1,

---

[2]      The petition is submitted on a seven-page preprinted form (page 3 is omitted) to
which petitioner attached two typewritten pages (Grounds for Complaint) and six handwritten
pages: a four-page "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. [§] 2241"
(designated pages 8-13 of the petition) and a two-page "Memorandum in Support of Writ of
Habeas Corpus" (designated pages 14-15 of the petition).

2006 on his status. *See* Pet. at 10-11. One case manager informed him that "the parole violator[]

warrant placed on him in fact had not been signed by the proper authorities," and, according to

petitioner, therefore "was void of ever being executed and had to be immediately faxed back to

its origin." *Id.* at 10. The Parole Commission executed its January 2006 parole violator warrant

on November 3, 2006. Comm'n Opp'n, Attach. L (Warrant) at 2.

A probable cause hearing was held on November 7, 2006, at which petitioner was

represented by counsel. Comm'n Opp'n, Attach. M (D.C. Probable Cause Hearing Digest) at 1.

The hearing examiner found probable cause for the alleged violations, and the Parole

Commission scheduled a revocation hearing for January 11, 2007. *Id.* at 5. On the date of the

hearing, petitioner accepted the Parole Commission's expedited revocation proposal, and thereby

accepted responsibility for his violation conduct, waived his right to a revocation hearing, and

waived his right to appeal the decision. *Id.*, Attach. R (Response to Expedited Revocation

Proposal). The resulting Notice of Action both imposed an 18-month parole violator term of

imprisonment and credited the time petitioner had been detained in connection with the second-

degree burglary charge. *Id.*, Attach. Q (Jan. 11, 2007 Memo Regarding Hearing), Attach. R

(Proposed Decision) & Attach. S (Jan. 26, 2007 Notice of Action).

## II. DISCUSSION

### *A. January 13, 2006 Parole Violator Warrant*

Petitioner argues that the January 13, 2006 parole violator warrant is invalid because it

was issued without a signature. *See* Pet. at 9 (Ground One).

A parole violator warrant "shall be considered issued when signed and either: (1) placed

in the mail; or (2) sent by electronic transmission to the appropriate law enforcement authority."

28 C.F.R. § 2.98(d).  It appears that the January 13, 2006 warrant, without a signature, either was

mailed or electronically transmitted to the proper authorities and lodged as a detainer.  It also

appears that the warrant was signed four days later on January 17, 2006.  Although an unsigned

warrant may not be considered "issued," the record shows that this defect was cured long before

the warrant's execution.  The Court concludes that the parole violator warrant was valid at the

time of its execution and that petitioner's custody pursuant to that warrant was proper.

### B.  Detention from October 5, 2006 through November 3, 2006

Petitioner next contends that District of Columbia authorities unlawfully detained him

from October 5, 2006, the date on which the Magistrate Judge of the Superior Court ordered his

release on personal recognizance, to November 3, 2006, the date on which the parole violator

warrant was executed.  The delay in executing the Parole Commission's January 2006 warrant is

not explained clearly in the record.  It appears, however, that petitioner was not released because

District of Columbia authorities were aware of the existence of a Parole Commission warrant and

acted within their authority to hold petitioner until the warrant could be executed.  *See* 28 C.F.R.

§ 2.99(a), (f).  Furthermore, the Parole Commission credited towards service of the 18-month

parole violator term all the time petitioner had spent in custody.  *See* Comm'n Opp'n, Attach. Q-

S.  Petitioner's presumptive reparole date was advanced by six months to account for "the time

served before the warrant was executed."  *Id.*, Attach. S at 1.

4

III.   CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3) (1994).  Petitioner has made no such showing, and, therefore the Court must deny his petition.  An Order consistent with this Memorandum Opinion will be issued separately.


                                                     */s/*
                                          COLLEEN KOLLAR KOTELLY
                                          United States District Judge

Date:  June 27, 2007

It is hereby

ORDERED that the petition for a writ of habeas corpus [#1] is DENIED.  It is further

ORDERED that the Court's order to show cause [#3] is DISCHARGED.  It is further

ORDERED that the United States Parole Commission's motion for leave to late-file its opposition [#12] is GRANTED *nunc pro tunc*.  It is further

ORDERED that the Clerk of Court shall docket Petitioner's Response to Respondent's Opposition to Petitioner's Writ.  It is further

ORDERED that the Clerk of Court shall mail a copy of the Memorandum Opinion and this Order to petitioner at his address of record.